YOUNG MEN'S CHRISTIAN ASSOCIATION OF GARFIELD, NEW JERSEY, ET AL., PROSECUTOR, v. STATE BOARD OF TAX APPEALS, DEFENDANT.

Submitted May 5, 1936—Decided August 12, 1936.

Before Justices PARKER, LLOYD and DONGES.

For the prosecutors, *Smith & Slingerland* and *McCarter & English*.

For the defendant, no appearance.

PER CURIAM.

This writ of *certiorari* brings up a judgment of the state board of tax appeals affirming a determination of the Bergen county board of taxation disallowing an exemption claimed by the prosecutors.

The case is a companion case to *Y. M. C. A. of Ridgewood* v. *State Board*, 117 *N. J. L.* 196, and as far as the assessment against the personal property of the prosecutor, Y. M. C. A. of Garfield is concerned, is controlled by that case. The assessment against the personal property is, therefore, set aside.

The situation with respect to the real property is somewhat different. The prosecutor Y. M. C. A. of Garfield was incorporated under the act for the incorporation of associations not for pecuniary profit on October 24th, 1927. Prior thereto, due to the interest of Mr. Samuel Hird in Y. M. C. A. work, the land in question was deeded by Samuel Hird & Sons, Incorporated, to the "Trustees of the Bergen County Committee of the Y. M. C. A., a corporation." There was and is no such body. Doubtless the intention was to convey to "The County Committee of the Young Men's Christian Association of Bergen County, New Jersey," a corporation not for pecuniary profit. The testimony is that it was the intention that the property should be held by the County Committee until such time as the Garfield Y. M. C. A. was incorporated, when it was to be conveyed to that association. This was never done, apparently because of an oversight.

The property was assessed in the name of the Y. M. C. A. of Garfield. That corporation sought an exemption in the Bergen county board of taxation and appealed to the state board of tax appeals. There for the first time, it became known what the state of the title was.

The section of the statute in question reads, in part: "provided further, that the foregoing exemptions shall apply only where the association, corporation or institution claiming the exemption owns the property in question and is incorporated or organized under the laws of this state and authorized to carry out the purposes on account of which such exemption is claimed: * * *."

The state board denied the exemption because the Y. M. C. A. of Garfield, the body seeking the exemption, was not the owner of the property.

We are of the opinion that this finding was correct. Statutes of exemption from taxation must be strictly construed.

Admittedly the Garfield association was not the holder of the legal title and we think it must be the holder of the title to succeed. It could not claim exemption as the owner of the equitable title. Nor is the municipality estopped, as claimed, from denying ownership in the Garfield association merely because it assessed the property in that name.

There are also joined as prosecutors in this writ "Trustees of the Bergen County Committee of the Young Men's Christian Associations," the non-existent grantee of the Hird deed, and "the County Committee of the Young Men's Christian Associations of Bergen County, New Jersey." It is claimed that the latter corporation has the title and is a corporation organized not for pecuniary profit for the purpose of carrying out work of the character performed in the building, which work is such as to entitle it to an exemption. The difficulty is that this corporation was not the institution seeking the exemption in the lower tribunals, and we fail to see how it can first assert such a claim in this court. We are of the opinion that it has no standing to join in this proceeding at this date.

Strictly applying the statute, as we must, we conclude that a case requiring exemption of the real property from taxation has not been presented.

The determination of the state board of tax appeals is affirmed in so far as it deals with the real property, and reversed, in so far as it deals with the personal property assessed.