STATE BOARD TAX APPEALS.

CITY OF JERSEY CITY, PETITIONER, v. NEW JERSEY BAPTIST CONVENTION, RESPONDENT.

Decided April 2, 1940.

For the petitioner, *James A. Hamill* (by *Frank P. McCarthy*).

For the respondent, *Dwight A. Danforth* (of the New York bar).

Quinn, President.  Respondent, an association of this state, incorporated under an act of the legislature dated February 3d, 1841, is the supervisory and governing body for Baptist churches, schools and young people's activities in demoninational matters throughout the state.  On February 11th, 1933, it took title to the property here in question, a building situated in the respondent taxing district, by deed executed by the trustees of the North Baptist Church of Jersey City.  The building was then, and has since been in actual use as a parsonage for the grantor church.  An assessment thereon levied by the petitioner taxing district for the year 1938 was canceled, on appeal, by the Hudson County Board of Taxation.  The proof adduced at the hearing is vague as to the circumstances underlying the making of this conveyance, but, so far as we gather, it was feared by the grantors that the dwindling of the membership of the congregation and the consequence of financial difficulties attendant thereupon, might result in an unwarranted disposition of the property, and the title was therefore turned over to the parent organization for safekeeping.

In any event, however, legal title to the property did not reside in the North Baptist Church of Jersey City on the assessing date, and this circumstance is decisive against the right of exemption claimed herein on its behalf by petitioner. The act provides for exemption of any building occupied as a parsonage by the officiating clergyman of any religious corporation of this state, providing the corporation claiming the exemption owns the property in question.  *R. S.* 54:4-3.6. Since the property in question is the parsonage occupied by the pastor of the North Baptist Church, it is that entity, and not the petitioner, which must be regarded as the exemption claimant.  And it is settled that the exemption claimant must have legal, not merely equitable title to the property in question, in order to qualify for exemption under the statute. *Y. M. C. A. of Garfield* v. *State Board of Tax Appeals* (*Supreme Court,* 1936), 14 *N. J. Mis. R.* 831; 186 *Atl. Rep.* 702; *City of Trenton* v. *Trenton Masonic Temple Association* (*Supreme Court,* 1930), 8 *N. J. Mis. R.* 778; 151 *Atl. Rep.* 753; *affirmed* (*Court of Errors and Appeals,* 1931),

108 *N. J. L.* 419; 158 *Atl. Rep.* 395; followed in *The Atlantic District of the Evangelical Lutheran Synod* v. *City of Union City (State Board)*, March 21st, 1939, and *Trustees of Shomrai Shabbos Shel Chevra B'nai Jacob* v. *City of Passaic (State Board)*, April 4th, 1939.

Under these authorities the property was not properly exempt for the year 1938, and the judgment of the Hudson County Board, cancelling the assessment, is reversed.