STATE BOARD OF TAX APPEALS.

TOWNSHIP OF NEW PROVIDENCE, PETITIONER, v. LIONS CLUB OF PLAINFIELD, NEW JERSEY, AND BOY SCOUTS OF AMERICA, RESPONDENT.

Decided January 21, 1941.

For the petitioner, *John L. Hughes* (by *Albert H. Bierman*).

For the respondent, *Harvey Rothberg*.

QUINN, President. This is an appeal by the township of New Providence from the action of the Union County Board of Taxation in canceling an assessment for 1939 taxes upon a tract of forty acres of land situated in that taxing district. Upon this tract are erected thirteen small cabins used primarily for camping purposes by various Boy Scout troops in the vicinity of Plainfield. The right to exemption from taxation of the land in question is posited upon the provisions of *R. S.* 54:4-3.6, which, after exempting "all buildings * * * used in the work of associations and corporations organized exclusively for the moral and mental improvement of men, women and children," also exempts "the land whereon any of the buildings hereinbefore mentioned are erected, and which may be necessary for the fair enjoyment thereof, * * * and does not exceed five acres in extent." We find it unnecessary to pass upon the petitioner's contention that an exemption of more than five acres of the tract would result in a violation of the statute, since we find ourselves in agreement with the other contentions it makes, in attacking the exemption granted by the county board, as an entirety.

Counsel for respondents has failed to comply with his offer at the hearing to furnish us with copies of the title deeds to the property, but from the information contained in the briefs filed herein it would appear that in 1924 Harvey Rothberg and Helen Rothberg, his wife, conveyed the premises to

the Lions Club of Plainfield, New Jersey, in trust for the use of the Boy Scouts of America. In 1931, an agreement was made between the parties to the deed more specifically designating the corporate entity, Boy Scouts of America, as a "national corporation," and detailing the charitable uses of the trust as intended for the benefit both of Boy Scouts and Girl Scouts in the vicinity of Plainfield. The closest approximation to a characterization of the condition of the title to this property, which is possible in the state of the scanty proofs before us, is that the Lions Club has legal title and the local boy and girl scout organizations of Plainfield, beneficial or equitable title.

The statute relied upon provides that, "the foregoing exemptions shall apply only where the association, corporation, or institution claiming the exemption owns the property in question and is incorporated or organized under the laws of this state and authorized to carry out the purposes on account of which the exemption is claimed."

If we are to regard the Lions Club as the exemption claimant, its claim must fall, since that organization was not organized *exclusively* for the moral and mental improvement of men, women and children. It was so held in *Plainfield Lions Club* v. *Township of New Providence, New Jersey Tax Reports* 1912-1934, *p.* 453. If, on the other hand the Boy Scouts of America is the exemption claimant, the claim is fatally defective for the reason that the organization was incorporated, not *under the laws of this state,* as required by the statute, but under the statutes enacted by Congress for the formation of corporations in the District of Columbia. From this standpoint, furthermore, it is ground of objection that merely equitable, and not full legal title to the property is vested in the Boy Scouts, as is required for exemption to attach under the statute relied upon. *Y. M. C. A. of Garfield* v. *State Board of Tax Appeals* (*Supreme Court,* 1936), 14 *N. J. Mis. R.* 831; 186 *Atl. Rep.* 702; *City of Trenton* v. *Trenton Masonic Temple Association* (*Supreme Court,* 1930), 8 *N. J. Mis. R.* 778; 151 *Atl. Rep.* 753; *affirmed* (*Court of Errors and Appeals,* 1931), 108 *N. J. L.* 419; 158 *Atl. Rep.* 395.

For the reasons stated, no proper case for exemption of the land is shown. The judgment of the Union County Board will be reversed, and the assessment ordered restored as originally made.