STATE BOARD OF TAX APPEALS.

CITY OF HOBOKEN, PETITIONER, v. EAST GERMAN ANNUAL CONFERENCE OF THE METHODIST EPISCOPAL CHURCH ET AL., RESPONDENTS.

Decided March 18, 1941.

For the petitioner, *John J. Fallon* (by *Olmar J. Pellet*).

For the respondent, *Edmund S. Johnson* and *Frederick E. Bauer.*

QUINN, President. The property involved herein was ordered exempt from taxation for the year 1939 by the Hudson County Board of Taxation. Legal title to the property is in respondent, an incorporated organization having the status of governing body over a number of churches of the Methodist Episcopal Church in this state. The building was in actual use upon the assessing date, however, not by respondent, but by Good Will Industries of New Jersey, a separate and independent corporation, organized upon the initiative of the church, for purposes of rehabilitation of aged, indigent and crippled persons. The building is used to sell products manufactured or repaired by persons of the type described, and the proceeds are used to pay their wages.

While the activities to which this property is devoted are of a worthy nature, the legislature has chosen to circumscribe the privilege of exemption of property used for charitable or religious purposes with strict conditions, one of which is that the property must be owned by the corporation claiming exemption, and that it must be exclusively devoted to the uses for which the organization was exclusively organized. R. S. 54:4-3.6. Respondent, the owner, is not entitled to claim exemption because the property is not used by it at all, much less exclusively. Good Will Industries holds a contract of purchase for the property, but equitable title does not satisfy the statutory requirement of ownership. *Y. M. C. A. of Garfield* v. *State Board of Tax Appeals* (*Supreme Court,* 1936), 14 *N. J. Mis. R.* 831; 186 *Atl. Rep.* 702; *City of Trenton* v. *Trenton Masonic Temple Association* (*Supreme Court,* 1930), 8 *N. J. Mis. R.* 778; 151 *Atl. Rep.* 753; *affirmed,* (*Court of Errors and Appeals,* 1931), 108 *N. J. L.* 419; 158 *Atl. Rep.* 395; *Trustees of Shomrai Shabbos Shel Chevra B'nai Jacob* v. *City of Passaic, New Jersey Tax Reports,* 1934-1939, *p.* 672; *Borough of Hasbrouck Heights* v. *Hasbrouck Heights Hospital Association, Id.* 783.

For the reasons stated, the judgment of the Hudson County Board of Taxation is reversed, and the assessment ordered reinstated as originally made.