PIZZUTO, J.T.C.
Defendant taxing district has moved for partial summary judgment denying plaintiff property owners’ claims of exemption presented in appeals from judgments of the Passaic County Board of Taxation for years 1990 and 1991. The County Board affirmed assessments placed on the subject property for each year by the assessor, and plaintiffs alternatively claim exemption and contest valuation.
The property (Block 3306, Lot 27) is improved with a one-family house. It is undisputed that on the assessment dates the property was owned and occupied by Rabbi Richard Ehrlich and his wife, Devorah Baruch. The exemption claimed is that provided by N.J.SA 54:4-3.6 for property “occupied as a parsonage by the officiating clergymen of any religious corporation....”
The substance of the taxing district’s contention is that the property does not qualify for a parsonage exemption because it is owned by the rabbi and his wife, as individuals, rather than by any religious corporation of which he is the officiant. Plaintiffs dispute that corporate ownership is an absolute requirement for exemption and maintain that the property may qualify, if other requirements pertaining to the parsonage exemption are satisfied. Without regard to the demonstration of other requirements as a matter of fact, a purely legal question concerning ownership is presented and appropriately addressed on application for partial summary judgment.
The question so presented must, however, be resolved against plaintiffs exemption claim. N.J.S.A. 54:4-3.6 does not provide exemption for property owned by individuals; it is exclusively *563 concerned with institutional uses of property that is both owned and used by organizations not conducted for profit.
The statute has a complex structure, but its limitation to property owned by nonprofit organizations using the property is clearly discernible. The heading or label attached to N.J.S.A. 54:4-3.6 (“[exemption of property of nonprofit organizations”) is not part of the statute and is therefore not of intrinsic assistance in statutory construction. N.J.S.A. 1:1-6; State v. Darby, 246 N.J.Super. 432, 440-41, 587 A.2d 1309 (App.Div.), certif. denied, 126 N.J. 342, 598 A.2d 898 (1991). Examination of the section’s terms and history, however, demonstrates that the subject matter is that specified in the heading.
For the tax years in question, the statute consisted of two sentences:
The following property shall be exempt from taxation under this chapter: ... the buildings, not exceeding two, actually occupied as a parsonage by the officiating clergymen of any religious corporation of this State, together with the accessory buildings located on the same premises; the land whereon any of the buildings hereinbefore mentioned are erected, and which may be necessary for the fair enjoyment thereof, and which is devoted to the purposes above mentioned and to no other purpose and does not exceed five acres in extent; the furniture and personal property in said buildings if used in and devoted to the purposes above mentioned; all property owned and used by any nonprofit corporation in connection with its curriculum, work, care, treatment and study of feebleminded, mentally retarded, or idiotic men, women, or children shall also be exempt from taxation, provided that such corporation conducts and maintains research or professional training facilities for the care and training of feebleminded, mentally retarded, or idiotic men, women, or children; provided, in case of all the foregoing, the buildings, or the lands on which they stand, or the associations, corporations or institutions using and occupying them as aforesaid are not conducted for profit, except that the exemption of the buildings and lands used for charitable, benevolent or religious purposes shall extend to cases where the charitable, benevolent or religious work therein carried on is supported partly by fees and charges received from or on behalf of beneficiaries using or occupying the buildings; provided, the building is wholly controlled by and the entire income therefrom is used for said charitable, benevolent or religious purposes. The foregoing exemption shall apply only where the association, corporation or institution claiming the exemption owns the property in question and is incorporated or organized under the laws of this State and authorized to cany out the purposes on account of which the exemption is claimed or where an educational institution, as provided herein, has leased said property to a historical society, or association or to a corporation organized for such purposes and created under or otherwise subject to the *564 provisions of Title 15 of the Revised Statutes or Title 15A of the New Jersey Statutes.
[N.J.S.A. 54:4-3.6; emphasis added.]
The lengthy first sentence initially lists eleven cátegories of exempt buildings (including, in the eleventh place, the parsonage exemption actually reproduced above). The sentence then goes on to provide, subject to certain limitations, an exemption for the associated land. There follow, in the same sentence, the exemption for furniture and personal property and the further exemption for all property owned and used by a nonprofit corporation in connection with specified activities to benefit persons with certain disabilities. The first sentence then concludes with the proviso concerning conduct not for profit. The second sentence explicitly declares that “[t]he foregoing exemption shall apply only where the association, corporation or institution claiming the exemption owns the property in question.”
N.J.S.A. 54:4-3.6 has its source in L.1918, c. 236, § 203(4). The 1918 statute provided an exemption for “the building actually occupied as a parsonage by the officiating clergyman of any religious corporation of this State, and oumed by said corporation, to an amount not exceeding five thousand dollars____” Id. (Emphasis added.) The condition now included in the second sentence concerning ownership of the property then appeared as a further proviso (referred to herein as the “ownership proviso”) contained within the same sentence that specified the particular exemptions. The ownership proviso was phrased in the plural to the effect that “the foregoing exemptions shall apply only where the association, corporation or institution claiming the exemption owns the proper-ty____” Id. (Emphasis added.)
L. 1919, c. 47, § 203(4) deleted the language “and owned by said corporation” from the parsonage exemption clause, but left the general ownership proviso unchanged. The ownership proviso was later modified to allow any of the listed exemptions where the claiming entity “either owns the property in question, or has such [sic] an equitable control or ownership as to use, management, occupancy, sale and disposition thereof____” L. 1922, c. 276, § 203(4). This equitable title provision was subsequently deleted, *565 and the original language of the ownership proviso was restored. L. 1925, c. 221, § 203(4). The 1925 amendment also substituted the plural term “clergymen” for the singular “clergyman”. The plural form has appeared in all subsequent versions, except that enacted by L. 1929, c. 42, in which the singular term occurred.
The parsonage exemption was further modified to apply to two buildings actually occupied as a parsonage together with the accessory buildings to an amount not exceeding $25,000. L. 1962, c. 154. The monetary limitation was later deleted. L. 1964, c. 42. The ownership proviso came to stand as a separate sentence in the general statutory revision of 1937. The subject of that sentence came to be expressed in the singular form (“the foregoing exemption”) in the amendment adopted in 1962.
It is clear, therefore, that the parsonage exemption originally applied only to property owned by a religious corporation and also that the conditions of the second sentence of N.J.S.A. 54:4-3.6 have always applied to all of the exemptions addressed in the entire section. WHYY, Inc. v. Borough of Glassboro, 393 U.S. 117, 89 S.Ct. 286, 21 L.Ed.2d 242 (1968), struck down, on equal protection grounds, the requirement of incorporation in New Jersey. See also Chester Bor. v. World Challenge Inc., 14 N.J.Tax 20,27 (1994). There is no indication, however, that either the deletion of the specific ownership requirement in 1919, or the division of the section into two sentences in 1937, or the change of plural to singular in 1962 prevents the other requirements of the second sentence from operating as limitations on the parsonage exemption.
Qualification for any of the exemptions now contained in N.J.S.A. 54:4-3.6 has been recognized to require both the specified use and holding of legal title by the nonprofit entity actually using the property. See Jabert Operating Corp. v. Newark, 16 N.J.Super. 505, 509 (App.Div.1951). The strict requirement of legal ownership by the congregation to support the parsonage exemption was, moreover, recognized in Jersey City v. New Jersey Baptist Convention, 18 N.J.Misc. 209, 210-11, 12 A.2d 150 (Bd. of Tax App.1940), where the exemption was denied because legal title *566 was vested in a supervisory entity rather than in the particular congregation whose pastor occupied the property.
The terms of N.J.S.A 54:4-3.6 at issue in New Jersey Baptist Convention and in the judicial and administrative decisions cited therein were not materially different from the current version with respect to the matter of ownership. The conclusion of New Jersey Baptist Convention, therefore, remains sound.
The parsonage exemption, in summary, is available only for property owned by a religious corporation and used by it to provide a residence for its officiant. The taxing district’s motion for partial summary judgment denying the exemption claims is granted, and the matters shall proceed to hearing, if required, on the valuation claims only.