The opinion of the court was delivered by
CUFF, J.A.D.
This is an appeal from a 1996 decision of the Tax Court. Mega Care, Inc. is a not-for-profit corporation that operates a nursing home known as Cornell Hall. Plaintiff claimed that it was incorporated, organized and regulated as a hospital and should be exempt from local property taxation from 1986 through 1992.[1] Plaintiff *605 appeals from a 1996 order granting defendant Township of Union’s motion for partial summary judgment.[2]
Relying on Intercare Health Systems, Inc. v. Cedar Grove, 11 N.J.Tax 423 (Tax 1990), aff'd, 12 N.J.Tax 273 (App.Div.1991), certif. denied, 127 N.J. 558, 606 A.2d 369 (1992), Judge Pizzuto held that a subsidiary or affiliate of a hospital may be able to claim that its property is used for hospital purposes and thus entitled to an exemption. Mega Care, Inc. v. Union Township, 15 N.J.Tax 566, 574-75 (Tax 1996). He ruled that the taxpayer must demonstrate that the subsidiary or affiliate is owned by the entity claiming the exemption and that the subsidiary is organized for hospital purposes. Id. at 572. He also held that while “[n]o particular form of language is required, but the substance of an organic integration of the entities must be reflected in the affiliate’s corporate charter.” Id. at 575. Judge Pizzuto then examined plaintiffs certificate of incorporation and found that it “does not specifically limit its activities to those conducted in support of and integration with the hospital whose operations are contended to be integrated with those of the subject nursing home.” Ibid. Therefore, he ruled that plaintiff nursing home could not be considered a hospital and entitled to an exemption. Ibid.
We have examined the record and the authorities cited by both parties. We concur with the issues identified by the judge, his analysis of the governing law and his application of the law to the undisputed facts of record. Therefore, we affirm substantially for the reasons expressed by Judge Pizzuto in his 1996 opinion.
Affirmed.

ln 1993, NJ.S.A. 54:4-3.6 was amended to provide that non-profit health care properties for the elderly are exempt from local property taxation.

 The Tax Court proceeding was founded on two issues: the claimed exemption from local property taxation and excessive valuation. Following the 1996 ruling on the taxpayer's exemption claim, the valuation claim remained unresolved. In May, 2003, the taxpayer abandoned the valuation claim and a final order was entered on May 9, 2003.