NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

-----------------------------------------------x

| | | |
|---|---|---|
| URMAJESTY BANKTRUCKFIT SOLUTIONS, INC., | : | TAX COURT OF NEW JERSEY |
| | : | DOCKET NO: 011899-2019 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF ATLANTIC CITY, | : | |
| | : | |
| Defendant. | : | |

-----------------------------------------------x

Decided: September 15, 2020

Joseph P. Howard for plaintiff (Law Office of Joseph P. Howard, L.L.C.)

Anthony J. Marchese for defendant (Chiesa, Shahinian & Giantomasi, P.C.)

CIMINO, J.T.C.

## I.    INTRODUCTION

Plaintiff Urmajesty Banktruckfit Solutions, Inc. seeks summary judgment on whether the property located at 718 Baltic Avenue, Atlantic City, New Jersey 08401 is exempt from property tax.  Due to there being a genuine issue of material fact as to the charitable purposes of plaintiff, as well as the identity of the true owner of the property, summary judgment is denied.

## II.    STATEMENT OF FACTS

Plaintiff Urmajesty Banktruckfit Solutions, Inc. is organized as a non-profit corporation in the state of New Jersey.  On April 16, 2014, plaintiff was designated as a tax-exempt charitable organization under section 501(c)(3) of the Internal Revenue Code by the Internal Revenue Service.  On January 31, 2018, Zumar Dubose purchased the property known as 718 Baltic Avenue, Atlantic City, New Jersey 08401 from the Atlantic City Housing Authority for $85,000.  The property is designated as Lot 4 of Block 310.01 on the Atlantic City tax maps.

A deed dated February 26, 2018 was recorded March 2, 2018 with the Atlantic County Clerk transferring the property from "ZUMAR DUBOSE" to:

> URMAJESTY BANKTRUCKFIT SOLUTIONS INC.
> and ZUMAR DUBOSE

In addition, a Registration of Alternate Name dated February 25, 2018 was filed on February 27, 2018 with the New Jersey Division of Revenue and Enterprise Services, Department of Treasury indicating that the alternate name for "URMAJESTY BANKTRUCKFIT SOLUTIONS INC." is "URMAJESTY BANKTRUCKFIT SOLUTIONS INC. and ZUMAR DUBOSE." Finally, in a filing on July 12, 2019, plaintiff asserts that its certificate of incorporation was amended on February 26, 2018 to indicate it is "organized exclusively for the moral and mental improvement of men, women, and children at 718 Baltic Ave Atlantic City, NJ 08401 under the (N.J.S.A. 54:4-3.6) . . . ."

Under ownership of the Atlantic City Housing Authority, the property was exempt from taxation. After learning of the transfer, the assessor filed an added assessment essentially removing the exemption. Plaintiff applied to have the property exempt from taxation. Said application was denied by the assessor on February 4, 2019. Plaintiff appealed to the Atlantic County Board of Taxation which upheld the assessor on June 3, 2019. Plaintiff then appealed to this court.

## III.  LEGAL ANALYSIS

The issue presented in plaintiff's summary judgment motion is whether plaintiff is exempt from paying property tax on the property in question pursuant to N.J.S.A. 54:4-3.6. Summary judgment may be granted only where a review of the evidence presented demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 536 (1995). The evidence must be viewed in "the light most favorable to the non-moving party." Mem'l Props., LLC v. Zurich Am. Ins. Co., 210 N.J. 512, 524 (2012).

The first sentence of the pertinent statute governing property tax exemptions, N.J.S.A. 54:4-3.6, states in relevant part:

> The following property shall be exempt from taxation under this chapter: . . . all buildings actually used in the work of associations and corporations organized exclusively for the moral and mental improvement of men, women and children . . . ; all buildings actually

3

used in the work of associations and corporations organized exclusively for . . . charitable purposes . . . ; provided . . . the buildings, or the lands on which they stand, or the associations, corporations or institutions using and occupying them as aforesaid, are not conducted for profit . . . .

[N.J.S.A. 54:4-3.6.]

In applying N.J.S.A. 54:4-3.6, this court must strictly construe its provisions against those invoking the exemption. Advance Housing, Inc. v. Township of Teaneck, 215 N.J. 549, 566 (2013); Hunterdon Med. Cent. v. Township of Readington, 195 N.J. 549, 569 (2008); Paper Mill Playhouse v. Township of Millburn, 95 N.J. 503, 506-07 (1984). Therefore, an entity that asserts their right to a tax exemption bears the burden of showing its entitlement to the exemption. Advance Housing, 215 N.J. at 566.

Plaintiff's I.R.C. § 501(c)(3) designation occurred in 2014. Plaintiff purchased the property in 2018. Per the amended certificate of the incorporation dated from 2018 and filed in 2019, plaintiff now exists exclusively for the moral and mental improvement of individuals at the property. Thus, the Internal Revenue Service seemingly did not consider the plaintiff's now exclusive activities at the property.

Even if the Internal Revenue Service did consider the activities at the property, the designation for federal taxation purposes pursuant to I.R.C. § 501(c)(3), is not, in and of itself, enough to qualify plaintiff for a property tax exemption

4

under N.J.S.A. 54:4-3.6. Essex Properties Urban Renewal Assocs., Inc. v. City of Newark, 20 N.J. Tax 360, 368 (Tax Ct. 2002). See also N.J. Carpenters Apprentice Training & Educ. Fund v. Borough of Kenilworth, 147 N.J. 171, 189 (1996). "The standards for federal tax exemption under 26 U.S.C. §501(c)(3) have no relation to state law governing property tax exemption." Center for Molecular Med. And Immunology v. Township of Belleville, 357 N.J. Super. 41, 50 (App. Div. 2003) (quoting Presbyterian Homes of Synod of N.J. v. Div. of Tax Appeals, 55 N.J. 275, 286 n. 3 (1970)). "Nonprofit status . . . cannot be equated with charitableness. Rather, it is but one factor which merits consideration in the determination whether property is being used for charitable purposes." Presbyterian Homes, 55 N.J. at 286.

To establish a right to a property tax exemption, plaintiff must satisfy a three-part test that flows from N.J.S.A. 54:4-3.6 by showing that: (1) plaintiff is organized exclusively for a purpose which is charitable or for the moral and mental improvement of individuals; (2) the property is actually used for such purposes; and (3) the use and operation of the property is not for profit. Advance Housing, 215 N.J. at 567-68. International Schools Services, Inc. v. Township of West Windsor, 207 N.J. 3, 16 (2011). Whether property is devoted to charitable or individual improvement purposes depends upon the facts or circumstances of each case. Advance Housing, 215 N.J. at 568 (quoting Presbyterian Homes, 55 N.J. at 285); International Schools Services, 207 N.J. at 22. All relevant considerations cannot

5

be captured by any list given the ever-changing scenarios that will arise, and each consideration may not necessarily deserve the same weight.[1] Advance Housing, 215 N.J. at 572.

The unique circumstances of this case can be gleaned from the interrogatory answers provided by plaintiff. However, such circumstances must be fully supported by competent evidence to determine whether the property is used for charitable purposes or the improvement of individuals. These circumstances include, but are not limited to, evidence of rent-free housing for low or no-income individuals, the occupants in the house, any familial, personal or business relationship of the occupants to the principals of plaintiff, mental health services provided, the terms of the lease, days when free food is provided, clothing provided, scholarship funding for college provided, and free computers provided for schooling and mental health services. See Advance Housing, 215 N.J. at 572-73.

Currently, plaintiff has not offered sufficient material evidence concerning any of the criteria set forth. In addition, when the tax assessor inspected the property,

_____

[1] Relevant considerations that have been useful in the past have been: (1) that charitable work done by the private entity will spare the government an expense that ultimately it must bear, Presbyterian Homes, 55 N.J. at 285; (2) the private entity must not be engaged in a seeming commercial enterprise, International Schools Services, 207 N.J. at 23-24; and (3) financial support and recognition by the state of a private entity's charitable work may be indicative that its property is used for a charitable purpose, Paper Mill Playhouse, 95 N.J. at 515. Advance Housing, 215 N.J. at 572-573.

the tax assessor concluded that the property was being used as a typical single-family home and not being used for a tax-exempt purpose. While the opinion of the tax assessor is not dispositive, neither is the opinion of the plaintiff. The court will need to evaluate the facts and apply the law as to whether an exemption is appropriate.

The second sentence of the pertinent exemption statute, N.J.S.A. 54:4-3.6, provides in relevant part:

> The foregoing exemption shall apply only where the association, corporation or institution claiming the exemption owns the property in question . . . .

[N.J.S.A. 54:4-3.6]

The statute does not provide exemption for property owned by individuals. Ehrlich v. Passaic City, 15 N.J. Tax 561, 565 (Tax 1995). In Ehrlich, a property tax exemption was denied since the property at issue was owned by the officiant of the congregation and not the exempt entity. Id. at 562-63. Tax-exempt status requires a confluence of ownership and use. Mega Care, Inc. v. Union Township, 15 N.J. Tax 566, 573 (Tax 1996), aff'd, 22 N.J. Tax 604 (App. Div. 2004). "[C]onfluence of ownership and use is to assure that exempt property is not only put to an eligible use, but also that it is held for and appropriated to the user's exempt purposes." Id. at 574. See also Clarmont Health Systems, Inc. v. Borough of Point Pleasant, 16 N.J. Tax 604, 624-25 (Tax 1997) (necessity of ownership).

The deed of February 26, 2018 indicates the owner of the property as "URMAJESTY BANKTRUCKFIT SOLUTIONS INC. and ZUMAR DUBOSE." Factually, there are a number of things notable as to how the name appears on the deed. First, the names are in all capitals, whereas the "and" is all lower case. Second, the term "INC." appears in the middle. Third, the corporate name is on one line; the next line indicating "and" and then the individual name. On its face, the deed appears to indicate a transfer to both the entity, Urmajesty Banktruckfit Solutions, Inc., as well as an individual, Zumar DuBose.

Nonetheless, plaintiff asserts that the deed only transferred the property to Urmajesty Banktrucklift Solutions, Inc. Supporting this assertion is a filing of an alternate name with the New Jersey Division of Revenue and Enterprise Services indicating that the alternate name for "URMAJESTY BANKTRUCKFIT SOLUTIONS INC." is "URMAJESTY BANKTRUCKFIT SOLUTIONS INC. and ZUMAR DUBOSE."

After a deed is executed, the deed is to be delivered to the county recording officer who officially records the document. N.J.S.A. 46:26A-6. Depending on the county, the county recording officer is either the county clerk or the registrar of deeds. N.J.S.A. 40A:9-90. The county recording officer is required to provide notice of the filing, including the name of the grantee, to the municipal tax assessor within one week. N.J.S.A. 54:4-31. That way, an assessor can monitor whether an

8

exempt property has been transferred and no longer eligible for exemption. In fact, when the assessor in this case discovered that the property was transferred from the Atlantic City Housing Authority, an exempt entity, the city sought an added assessment asserting the property was no longer owned by an exempt entity.[2]

While it may be true that an alternate name was filed, there is not any indication outside the records of the New Jersey Division of Revenue and Enterprise Services in Trenton. If this alternate name designation changes, the assessor has no way of knowing unless the records of the Division of Revenue and Enterprise Services records are continually searched. Moreover, an alternate name designation is not perpetual and must be renewed every five years. N.J.S.A. 15A:2-3(c).

A recorded document which affects title to real property provides constructive notice to all subsequent purchasers, mortgagees and judgment creditors of the execution of the document recorded and its contents. N.J.S.A. 46:26A-12(a). Unless actual notice of an unrecorded document is shown, it is of no effect against subsequent judgment creditors, and bona fide purchasers and mortgagees for valuable consideration. N.J.S.A. 46:26A-12(c). See Pearson v. DMH 2 L.L.C., 449 N.J. Super. 30, 59-60 (App. Div. 2016) (reviewing actual notice in lieu of the constructive notice provided by recording).

---

[2] It is unclear whether the assessor first obtained this transfer information from the county recording officer or from some other source. The point is that the assessor took steps to remove the exempt status.

9

A recorded deed which lists the grantees as "URMAJESTY BANKTRUCKFIT SOLUTIONS INC. and ZUMAR DUBOSE" gives constructive notice that the property is held by both Urmajesty and Mr. Dubose. Therefore, an open question exists as to what happens if a judgment is entered against Zumar Dubose and then docketed in Superior Court as a lien against any real estate held by him. See generally N.J.S.A. 2A:16-1.[3] At the very least, Urmajesty would have to litigate whether the judgment impairs its interest in the property. There is also the question of what is preventing Mr. Dubose from taking out a mortgage on the property. While it is not the place for this court to decide whether a mortgagee needs to search beyond the records of the county recording officer (as well as the judgment records), the court is concerned with the arrangement as it now stands – with the only purported evidence of sole ownership by Urmajesty filed with the Division of Revenue and Enterprise Services. This is not to suggest that Mr. Dubose is planning to encumber the property or faces judgment creditors. Rather, it points to the practical difficulties that an assessor would face in monitoring whether a property continues to be owned by an exempt entity, as well as used for an exempt purpose.[4]

---

[3] A related question to this is what happens if a judgment is entered against Mr. Dubose five years from the alternate name registration and the alternate name has expired. N.J.S.A. 15A:2-3(c).

[4] It is worth noting this entanglement of interests may be such to preclude an exemption under the first sentence of N.J.S.A. 54:4-3.6. International Schools Services, 207 N.J. at 23-24.

There are strict standards for being exempt from taxes. Taxes fund vital governmental services and when an exemption is granted, the other taxpayers have to make up the revenue lost to the exemption. Savage Mills Enters. v. Borough of Little Silver, 29 N.J. Tax 295, 308-09 (Tax 2016). The court recognizes it may be impracticable for the assessor to rely upon records outside the county recording office to determine ownership or a change in ownership which may affect eligibility for an exemption. Additionally, the court is reluctant to grant an exemption in a situation in which the potential for private benefit exists (i.e., mortgaging the property). The law is clear that exemptions from taxation are limited to certain instances such as for charitable and social improvement endeavors. Allowing exemptions without strict standards could undermine confidence in our taxing system.

## IV. CONCLUSION

For the reasons stated in this opinion, plaintiff's motion for summary judgment is denied.